ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702.330.4505
Facsimile: 702.825.0141
Email: andrew@mlolegal.com

*Counsel for the Marathon Investor*
*Group and Proposed Liaison*
*Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JAIME R. MORENO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MARATHON DIGITAL HOLDINGS, INC., MERRICK OKAMOTO, FREDERICK G. THIEL, SIMEON SALZMAN, and HUGH J. GALLAGHER, <br><br> Defendants. | No.: 2:23-cv-00470-RFB-DJA <br><br> **MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF THE MARATHON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS** |

MEMORANDUM OF POINTS AND AUTHORITIES

The Marathon Investor Group[1] respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Pomerantz and Schall as Co-Lead Counsel (Dkt. No. 16); and in opposition to the competing motions of (i) James R. Lax ("Lax") (Dkt. No. 15) and (ii) Kevin Clark ("Clark") (Dkt. No. 14).

## PRELIMINARY STATEMENT

The Action is a putative securities class action lawsuit on behalf of investors in Marathon securities.  As with all federal class action securities lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is the Marathon Investor Group, who, having incurred a loss of approximately *$592,719* in connection with its Class Period purchases of Marathon securities, possesses the largest financial interest in this action.  Although the PSLRA does not define "financial interest," courts in the Ninth Circuit generally assess financial interest with reference to the four *Lax* factors: (1) securities purchased; (2) funds expended; (3) net shares purchased (*i.e.*, shares retained); and (4) monetary loss.  *See*, *e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (emphasizing loss in assessing financial interest); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).  Among the *Lax* factors, courts generally consider monetary loss to be the

---

[1] All capitalized terms herein are defined in the Marathon Investor Group's moving brief, unless otherwise indicated.  *See* Dkt. No. 16.

most significant with respect to financial interest. *Id.* The table below sets forth the respective financial interests of the competing movants:

| Movant | Loss |
|---|---|
| Marathon Investor Group | $592,719 |
| Lax | $176,434 |
| Clark | $63,128 |

As the table reflects, the Marathon Investor Group's loss is significantly larger than that of any competing movant. The Marathon Investor Group's loss of $592,719 is more than ***$353,000*** larger than the losses alleged by Lax and Clark ***combined***. As such, it cannot reasonably be disputed that the Marathon Investor Group has alleged the largest financial interest in this litigation.

In addition to its significant financial interest, the Marathon Investor Group also satisfies the adequacy and typicality requirements of Rule 23. The Marathon Investor Group is aware of no conflict between its interests and those of the Class, its losses incurred as a result of the Defendants' alleged misconduct give it a sufficient stake in the outcome of this action to ensure vigorous advocacy, and in Pomerantz and Schall, the Marathon Investor Group has retained qualified and experienced counsel. *Karinski v. Stamps.com, Inc*., CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019); *Harari v. PriceSmart, Inc*., 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019). The Marathon Investor Group's claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the claims of the other Class members. *See, e.g., Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020).

The Marathon Investor Group is a small and cohesive group of three investors who have further demonstrated their adequacy by submitting a Joint Declaration contemporaneously with their motion, attesting to, *inter alia*, their shared understanding of the responsibilities of a Lead

Plaintiff pursuant to the PSLRA and their preparedness to coordinate their efforts to prosecute this action diligently on behalf of the Class. *See* Dkt. No. 16-6. In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018), the Supreme Court affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups." *See also Perrin v. Sw. Water Co.*, No. 208CV7844FMCAGRX, 2009 WL 10654690, at *3 (C.D. Cal. Feb. 13, 2009) ("[C]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *7 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff).

For the foregoing reasons, the Marathon Investor Group respectfully requests that the Court grant its motion in its entirety and deny the competing motions.

ARGUMENT

**A.    THE MARATHON INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). At this stage, the movant that has the largest financial interest need only make a *prima facie* showing that it satisfies the adequacy and typicality requirements of Rule 23. *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(II). Here, the most adequate class representative for the Class is the Marathon Investor Group.

### 1.    The Marathon Investor Group Has the "Largest Financial Interest."

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Knox*, 136 F. Supp. at 1163; *Nicolow*, 2013 WL 792642, at *4. As the chart at p. 2 reflects, the Marathon Investor Group incurred losses of approximately $592,719 as a result of the malfeasance alleged in this Action. Moreover, one member of the Marathon Investor Group, Todd Langer ("Langer"), incurred an *individual* loss of *$294,871*—more than *$43,000* more than the losses alleged by Lax and Clark *combined*. The Marathon Investor Group's loss is thus larger than the two other competing movants. Furthermore, the Marathon Investor Group also retained 9,089 shares of Marathon stock at the end of the Class Period—more than *6,000* shares more than Lax, the movant with the next largest loss—and two members of the Marathon Investor Group, Mary Barida and Jacks Way LLC, each *individually* retained more shares than Lax. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (considering retained shares alongside loss in assessing financial interest). Accordingly, the Marathon Investor Group has plainly demonstrated the largest financial interest in this litigation.

In addition, the fact that one member of the Marathon Investor Group, Langer, sold a significant number of his Marathon shares prior to the end of the Class Period does not reduce his financial interest in this litigation. The initial Complaint does not allege that Class members were harmed *only* by the corrective disclosure on February 28, 2023, but that they were harmed broadly

via the Company's overstatement of its performance and operational capability in the digital assets industry.  *See* Dkt. No. 1 ¶ 1 (alleging that Defendants "overstated efficacy of its disclosure controls and procedures and internal control over financial reporting" with respect to "its method for calculating the impairment digital assets") (internal quotations omitted).  Since the Class's losses in this litigation were not solely caused by the February 28, 2023 disclosure of the Defendants' fraud, their ability to recover their losses is not contingent on having held Marathon shares at the time of that specific disclosure.  Accordingly, Langer's stock sales prior to this single specific disclosure does not reduce his financial interest in the relief sought by the Class in this litigation—namely, their recovery of investment losses caused by the Defendants' fraud.

Moreover, the initial Complaint in this litigation will be superseded as the operative pleading in this litigation by an Amended Complaint following the Court's appointment of a Lead Plaintiff.  If appointed as Lead Plaintiff, the Marathon Investor Group will file an Amended Complaint based upon, *inter alia*, an in-depth review of ***all*** potential corrective disclosures relevant to the fraud alleged in this litigation.  As such, there is no reason to assume that the February 28, 2023 corrective disclosure will be the only one alleged in this case.  Indeed, having preliminarily reviewed various potentially related corrective disclosures that preceded the end of the current Class Period on February 28, 2023, it appears that Langer held a significant number of Marathon shares through at least one partial corrective disclosure that could be alleged in the Amended Complaint. The following table sets forth examples of potential corrective disclosures related to the Defendants' fraud that the Marathon Investor Group may allege in its contemplated Amended Complaint:

| Date | Potential Corrective Disclosure | Stock Drop |
|---|---|---|
| 6/13/2022 | Marathon stock price falls after cryptocurrency's market capitalization drops below $1T | $0.89 (11.8%) |

| 11/8/2022 | Marathon stock price falls after it reported lower bitcoin production and third quarter earnings and revenue that were short of consensus estimates after Marathon's exit from its facility in Hardin, Montana | $0.35 (3.51%) |
|---|---|---|

As his Certification reflects, Langer held Marathon's stock through each of the above disclosures (see Dkt. Nos. 16-5 at *4-*8)—both of which caused the Company's share price to plunge sharply, thereby damaging investors—meaning that Langer would have incurred recoverable losses in connection with these partial corrective disclosures under the loss-causation principles derived from *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) ("[If] the purchaser sells the shares . . . before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."). To limit Langer's recoverable loss to the February 28, 2023 disclosure would ask the Court to "guess about the effect of . . . as-yet-unknown factors in selecting a lead plaintiff[.]" *In re Watchguard Sec. Litig.*, No. C05-678JLR, 2005 WL 8188936, at *4 n.6 (W.D. Wash. July 13, 2005). There is no reason to adjudicate the propriety of the Marathon Investor Group's status as lead plaintiff based solely on the allegations in a Complaint that will almost immediately be superseded by an Amended Complaint.

### 2.    The Marathon Investor Group Otherwise Satisfies the Requirements of Rule 23.

In addition to possessing the largest financial interest in the relief sought by the Class, the Marathon Investor Group has also made the requisite *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730-31. First, the Marathon Investor Group's claims satisfy the typicality requirement of Rule 23(a)(3) because its claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See, e.g.*, *Vataj*, 2020 WL 532981, at *3. The Marathon Investor Group, like all members of Class, purchased Marathon securities during the Class Period

at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the requirements of Rule 23.  *Vataj*, 2020 WL 532981, at *3.  Second, the Marathon Investor Group satisfies the adequacy requirement of Rule 23(a)(4) because it has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.  *See, e.g.*, *Karinski*, 2019 WL 8013753, at *1; *Harari*, 2019 WL 4934277, at *3.  The Marathon Investor Group further demonstrated its adequacy by submitting, with its motion papers, a Joint Declaration executed by its members, attesting to, *inter alia*, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, their decision to seek appointment jointly as Lead Plaintiffs, and the steps that they are prepared to take to prosecute this litigation on behalf of fellow Class members.  *See* Dkt. No. 16-6.

### 3.    The Marathon Investor Group is An Appropriate Group

Because he Marathon Investor Group is an appropriate group, the Court should consider their aggregate financial interest in this litigation in determining the most adequate plaintiff for the Class.  *See*, *e.g.*, *Perrin*, 2009 WL 10654690, at *3 ("[C]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *Fitbit*, 2016 WL 2654351, at *7 (appointing five-person investor group as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) (noting "[t]he PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff" (citation omitted)); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable

under the PSLRA" and finding a group of seven shareholders with the greatest loss "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing a group consisting of six members with the largest financial interest as lead plaintiff).

Here, the Marathon Investor Group is a small, cohesive group of three investors, each of whom incurred significant losses in connection with their purchases of Marathon securities. *See* Dkt. No. 16-3. Contemporaneously with its motion, the Marathon Investor Group submitted a Joint Declaration executed by its members attesting to, *inter alia*, their respective backgrounds and investment experience, their awareness of the posture of this litigation generally and the significance of their motion specifically, their understanding of the responsibilities of lead plaintiffs, and their reasons for seeking appointment jointly as Co-Lead Plaintiffs in this Action. *See generally* Dkt. No. 16-6. Courts routinely appoint investor groups as lead plaintiff under such circumstances. *See, e.g.*, *Bruce v. Suntech Power Holdings Co.*, No. CV 12-04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of three unrelated investors that "submitted a joint declaration attesting that each is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"); *Blue Apron*, 2017 WL 6403513, at *4 (appointing group of four unrelated investors that submitted declaration attesting "it is prepared to work cooperatively to serve the best interests of the class," and finding that the group is not "so large as to be unwieldy and impracticable"); *Brady v. Top Ships Inc.*, No. 17-CV-4987 (JFB) (SIL), 324 F.Supp.3d 335, 346 (E.D.N.Y. July 20, 2018) (appointing group of three investors as lead plaintiff, finding the group "sufficiently demonstrated its members' plans for cooperation and involvement in the litigation for the Court to find this group will best serve the class."); *West Palm Beach Police Pension Fund v. DFC Global*

*Corp.*, No. 13-6731, 2014 WL 1395059, at \*7 (E.D. Pa. Apr. 10, 2014) (appointing group and noting "declaration lay[ing] out the duties and obligations of" the group's members).

\*\*\*\*\*

Because the Marathon Investor Group has the largest financial interest of any Lead Plaintiff candidate in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, it is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.  To overcome the strong presumption entitling the Marathon Investor Group to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

**B.    THE MARATHON INVESTOR GROUP'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Here, the Marathon Investor Group has selected Pomerantz and Schall as Co-Lead Counsel for the Class.  As their respective resumes reflect, Pomerantz and Schall are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors.  *See* Dkt. Nos. 16-7, 16-8.  Thus, the Court may be assured that by approving the Marathon Investor Group's selection of counsel, the members of the Class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, the Marathon Investor Group respectfully requests that the Court issue an Order: (1) appointing the Marathon Investor Group as Lead Plaintiff for the Class; and (2) approving Pomerantz and Schall as Co-Lead Counsel for the Class.

Dated:  June 13, 2023

**MUEHLBAUER LAW OFFICE, LTD.**

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505
Facsimile: 702-825-0141
andrew@mlolegal.com

*Counsel for the Marathon Investor Group and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman (*pro hac vice*)
J. Alexander Hood II (*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  917-463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

**THE SCHALL FIRM**
Brian Schall (*pro hac vice* application forthcoming)
Ivy T. Ngo (*pro hac vice* application forthcoming)
Rina Restaino (*pro hac vice* application forthcoming)
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
brian@schallfirm.com
ivy@schallfirm.com
rina@schallfirm.com

*Counsel for the Marathon Investor Group and Proposed Co-Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Andrew R. Muehlbauer*
Andrew Muehlbauer
