**THE O'MARA LAW FIRM, P.C.**
David C. O'Mara
311 East Liberty St.
Reno, Nevada 89501
Tel: 775-323-1321
Fax: 775-323-4082
Email: david@omaralaw.net

**LEVI & KORSINSKY, LLP**
Adam M. Apton
55 Broadway, 4th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Attorneys for Movant James R. Lax*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JAIME R. MORENO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC., MERRICK OKAMOTO, FREDERICK G. THIEL, SIMEON SALZMAN, and HUGH J. GALLAGHER,<br><br>Defendants. | Case No. 2:23-cv-00470-RFB-DJA<br><br>**JAMES R. LAX'S REPLY TO THE COMPETING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** |

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ........................................................................................ 1

II.     ARGUMENT ............................................................................................................... 2

    A.  Mr. Lax Should Be Appointed Lead Plaintiff Because the Marathon Investor Group is Inadequate Under Rule 23. ........................................................................................ 2

    B.  Alternatively, Mr. Lax Should Be Appointed Lead Plaintiff Because He is the Movant with the Largest Financial Interest that also Satisfies the Rule 23 Requirements............. 5

    C.  Mr. Lax is Otherwise Typical and Adequate and Competing Movants Have Not Produced Any Proof to the Contrary. ............................................................................ 8

III.    CONCLUSION ............................................................................................................. 9

JAMES R. LAX'S REPLY TO MOTIONS FOR LEAD PLAINTIFF
NO. 2:23-cv-00470-RFB-DJA

**TABLE OF AUTHORITIES**

**Cases**

*Armour v. Network Assocs.*,

    171 F. Supp. 2d 1044 (N.D. Cal. 2001)................................................................................ 9

*In re Bally Total Fitness Sec. Litig.*,

    No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243 (N.D. Ill. Mar. 15, 2005)................................ 8

*Bodri v. Gopro, Inc.,*

    2016 U.S. Dist. LEXIS 57559 (N.D. Cal. Apr. 28, 2016)....................................................... 8

*In re Cavanaugh*,

    306 F.3d 726 (9th Cir. 2002) ............................................................................................ 2, 8

*In re Cendant Corp. Litig.*,

    264 F.3d 201 (3d Cir. 2001) .................................................................................................. 3

*City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*,

    No. 20-cv-9132 (AJN), 2021 U.S. Dist. LEXIS 21607 (S.D.N.Y. Feb. 4, 2021) ................... 6

*In re Cloudera, Inc. Sec. Litig.*,

    No. 19-CV-03221-LHK, 2019 U.S. Dist. LEXIS 216750 (N.D. Cal. Dec. 16, 2019)............ 3

*In re Comverse Tech., Inc. Sec. Litig.*,

    No. 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS 14878E.D.N.Y. Mar. 2,

    2007)...................................................................................................................................... 5

*Crihfield v. CytRx Corp.*,

    No. CV 16-05519 SJO (Skx), 2016 U.S. Dist. LEXIS 181615 (C.D. Cal. Oct. 26,

    2016)...................................................................................................................................... 7

*In re Donnkenney Inc. Sec. Litig.*,

    171 F.R.D. 156 (S.D.N.Y. 1997)........................................................................................... 7

*Foster v. Maxwell Techs.,*

    2013 U.S. Dist. LEXIS 154538 (S.D. Cal. Oct. 24, 2013).................................................. 5, 8

*Galmi v. Teva Pharms. Indus. Ltd.,*

    302 F. Supp. 3d 485 (D. Conn. 2017) .................................................................................. 6

*In re Gemstar-Tv Guide Int'l Sec. Litig.*,

    209 F.R.D. 447 (C.D. Cal. 2002)............................................................................... 7

*Hessefort v. Super Micro Comput., Inc.*,

    317 F. Supp. 3d 1056 (N.D. Cal. 2018)..................................................................... 8

*Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*,

    No. 15-CV-3599 (KMW), 2015 U.S. Dist. LEXIS 153202 (S.D.N.Y. Nov. 12, 2015).......... 7

*Isaacs v. Musk*,

    No. 18-cv-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018)............. 4

*Maliarov v. Eros Int'l PLC*,

    No. 15-CV-8956 (AJN), 2016 U.S. Dist. LEXIS 46082 (S.D.N.Y. Apr. 5, 2016) ............. 5, 6

*Mannkind Sec. Actions,*

    No. CV 11-00929 GAF (SSx), 2011 U.S. Dist. LEXIS 164320 (C.D. Cal. Apr. 27, 2011).............................................................................................................................. 7

*Mersho v. United States Dist. Court*,

    6 F.4th 891 (9th Cir. 2021) ........................................................................................ 2, 3

*Perlmutter v. Intuitive Surgical, Inc.*,

    Case No.: 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813 (N.D. Cal. Feb. 15, 2011).............................................................................................................................. 8

*Sallustro v. CannaVest*,

    93 F. Supp. 3d 265 (S.D.N.Y. 2015) ........................................................................ 5

*In re Stitch Fix, Inc. Sec. Litig.*,

    393 F. Supp. 3d 833 (N.D. Cal. 2019)...................................................................... 3

*Stires v. Eco Sci. Sols., Inc.*,

    No. 17-3707(RMB/KMW), 2018 U.S. Dist. LEXIS 25088 (D.N.J. Feb. 13, 2018)............... 3

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,

    95 F. Supp. 3d 607 (S.D.N.Y. 2015) ........................................................................ 7

*Tsirekidze v. Syntax-Brillian Corp.*,

    No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562 (D. Ariz. Apr. 4, 2008).......... 3

JAMES R. LAX'S REPLY TO MOTIONS FOR LEAD PLAINTIFF
NO. 2:23-cv-00470-RFB-DJA

*Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*,

   No. 20-cv-0966-AJB-DEB, 2021 U.S. Dist. LEXIS 27438 (S.D. Cal. Feb. 12, 2021)........... 3

*In re Watchguard Sec. Litig.*,

   No. C05-678JLR, 2005 U.S. Dist. LEXIS 40923 (W.D. Wash. July 13, 2005) ..................... 6

*Wenderhold v. Cylink Corp.*,

   188 F.R.D. 577 (N.D. Cal. 1999) ....................................................................................... 7

**Statutes**

15 U.S.C. §78u-4 ................................................................................................................. *passim*

JAMES R. LAX'S REPLY TO MOTIONS FOR LEAD PLAINTIFF
NO. 2:23-cv-00470-RFB-DJA

## I. PRELIMINARY STATEMENT

At issue is whether the Court should appoint Mr. James R. Lax as the lead plaintiff to oversee this class action securities fraud lawsuit or, alternatively, an "artificial" group of unrelated investors dubbed the "Marathon Investor Group." The answer is most certainly Mr. James R. Lax.[1]

Several reasons support this conclusion. First and foremost, the Marathon Investor Group has failed to demonstrate its "adequacy" under the applicable case law and, as a result, cannot serve as the lead plaintiff. Absent a showing that a group can work together to prosecute the Action and control their counsel, courts are quick to reject groups as "lawyer-driven" and contrary to the purposes of the law behind the lead plaintiff approval process, *i.e.*, the Private Securities Litigation Reform Act of 1995. The Marathon Investor Group's opposition brief makes clear the decision to file a joint motion was made by their attorneys and not by the group's individual members. There was no substantive communication between the group members before the motion was filed and the joint declaration they submitted in support of the motion evidences a lack of concern and/or knowledge of the leadership structure for the case.

Second, even if the Court were to overlook the "artificial" nature of the Marathon Investor Group (which it should not), Mr. Lax still has a larger financial interest in the Action than any of the group's individual members. As explained in Mr. Lax's opposition, Mr. Todd Langer does not have any recoverable losses under the current allegations. This is because he bought and sold his Marathon shares before the end of the alleged Class Period and, therefore, any losses he incurred on those transactions are unrecoverable under the federal securities laws. While the Marathon Investor Group speculates that an amended complaint with additional disclosures might be filed in the future, the law is clear that financial interests at the lead plaintiff stage must be calculated based on what is currently alleged and pending before the court. In any event, the disclosures identified by the Marathon Investor Group do not present any logical connection to

---

[1] A third shareholder, Mr. Kevin Clark, had previously moved for appointment as the lead plaintiff. Mr. Clark has since withdrawn his motion and/or elected not to oppose the competing movants. ECF No. 28.

the current allegations and, consequently, provide no basis for crediting the argument being made.

Third, relative to the remaining members of the Marathon Investor Group, Mr. Lax has the "largest financial interest" in the outcome of the Action. Recoverable loss is, by far, the most important and frequently used metric to evaluate financial interest. No one disputes that Mr. Lax, with $176,433, has the greatest recoverable loss in the Action and, therefore, the largest financial interest. His personal background and other qualifications, including a degree in communications, running a successful real estate, brokerage, and development company, and investing in securities for more than 20 years, sufficiently demonstrate his typicality and adequacy. Given that the other movants have failed to introduce any proof capable of showing his inability to adequately represent the Class, Mr. Lax should be appointed as the lead plaintiff.

## II.  ARGUMENT

### A.  Mr. Lax Should Be Appointed Lead Plaintiff Because the Marathon Investor Group is Inadequate Under Rule 23.

The PSLRA tasks the Court with appointing the "most adequate plaintiff" to serve as the lead plaintiff on behalf of the Class. 15 U.S.C. §78u-4(a)(3)(B)(i). "To do so, the district court must adopt a presumption that the most adequate plaintiff is the movant with the largest financial interest" who also "has made a *prima facie* showing of adequacy and typicality" under Rule 23. *Mersho v. United States Dist. Court*, 6 F.4th 891, 899 (9th Cir. 2021) (internal quotations omitted). If the movant with the largest financial interest has made the requisite *prima facie* showing of adequacy and typicality, then the process "'turns adversarial'" and competing movants may offer proof of inadequacy, conflicting interests, or anything else to show why the presumptive lead plaintiff is incapable of representing the class. *Id*. (quoting *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)). Importantly, when assessing whether a shareholder group (like the Marathon Investor Group) has made a *prima facie* showing of its adequacy to serve as lead plaintiff, "[m]any district courts have considered the lack of a pre-litigation relationship as part of their adequacy analysis at step two because it may indicate that members may not work together well to vigorously prosecute the litigation or they might not be able to control counsel" and "courts often consider a pre-litigation relationship along with other factors such as the size of

2

the group, how the members found their counsel, and the prosecution procedures set out in their filings." *Id*. at 901-02.

The Marathon Investor Group has failed to demonstrate its adequacy to serve as lead plaintiff. Aside from having no pre-existing relationship with one another, the group's members have not evidenced an ability to work together to prosecute this litigation. Indeed, the members of the Marathon Investor Group did not even sign their PSLRA certifications confirming their willingness to serve as a lead plaintiff individually, let alone as a group, until the day the lead plaintiff motions were due. *See* ECF No. 16-5. Even assuming they spoke with each other prior to filing, holding one conference call does not evidence cohesiveness, especially when paired with a boilerplate joint declaration. *See Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, No. 20-cv-0966-AJB-DEB, 2021 U.S. Dist. LEXIS 27438, at *15 (S.D. Cal. Feb. 12, 2021) (denying lead plaintiff status to an unrelated group who failed to show its cohesiveness even though the group provided a joint declaration and decided to collectively move *after* hosting one conference call); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833 (N.D. Cal. 2019) (denying the appointment of a group claiming the largest loss because [t]he declaration allegations are conclusory and cursory, and indicate only that the group members -- who reside in Texas, Virginia and Pennsylvania -- have exchanged a few calls and emails with each other since being introduced by their common lawyer."); *In re Cloudera, Inc. Sec. Litig.*, No. 19-CV-03221-LHK, 2019 U.S. Dist. LEXIS 216750 (N.D. Cal. Dec. 16, 2019) (denying lead plaintiff status to group because it failed to explain how it would jointly manage the case aside from describing one conference call). Given the limited communication exhibited by the group, it is clear that they could not have "made the joint decision to serve as lead plaintiff prior to the filing of their motion" but instead were just following the direction of counsel. *Stires v. Eco Sci. Sols., Inc.*, No. 17-3707(RMB/KMW), 2018 U.S. Dist. LEXIS 25088, at *15 (D.N.J. Feb. 13, 2018) (holding that "the Eco Science Investor Group 'cannot be counted on to monitor counsel in a sufficient manner'" (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001))); *see also Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562, at *15 (D. Ariz. Apr. 4, 2008) (refusing to appoint group as lead plaintiff where there was "no suggestion how they plan to work together

3

as a cohesive unit" and "each individual has so far participated only to the extent of signing his name onto a boilerplate 'certification in support of application of lead plaintiff'").

The group's motion papers further demonstrate its lack of cohesiveness and inability to control counsel. As discussed in opposition, the joint declaration they submitted in support of the motion contradicts itself when discussing which firm(s) was selected to serve as lead counsel. In Paragraphs one and five, the group appears to have retained both Pomerantz LLP and the Schall Law Firm. However, in Paragraphs 13 and 14, the declaration seems to make clear that only Pomerantz will be serving as lead counsel because of its "experience" (suggesting that the Schall Law Firm is unqualified because it lacks said "experience"). Either the group's members did not review the declaration closely enough to notice this contradiction before signing it or they do not understand the importance of the lead counsel role and their decision as to which firm should fill it. Additionally, while the declaration discusses a mechanism for resolving internal disputes, the mechanism is dependent upon consultation with their counsel; without knowing who that is, it is very doubtful that the dispute resolution mechanism they described is workable in any real sense.[2]

Having failed to show their ability to work with one another and/or properly supervise their counsel, the Marathon Investor Group has not made a *prima facie* showing of its ability to serve as lead plaintiff. Thus, the group is not entitled to presumptive status as the "most adequate plaintiff" and its motion can and should be denied straightaway. *See Isaacs v. Musk*, No. 18-cv-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *13-14 (N.D. Cal. Nov. 27, 2018) (denying motion by "Tesla Investor Group" where "joint declaration" reflected "artificial group" with "unrelated" members and "decision-making structure" that was not "robust").

---

[2] Moreover, as discussed below, Mr. Langer does not have any recoverable losses and therefore stands to recover nothing from the Action. Yet the Marathon Investor Group appears to have granted him equal authority over the decision-making process. This further evidences the group's careless approach towards the management of this lawsuit.

4

**B. Alternatively, Mr. Lax Should Be Appointed Lead Plaintiff Because He is the Movant with the Largest Financial Interest that also Satisfies the Rule 23 Requirements.**

Assuming, *arguendo*, the Court is willing to look past the Marathon Investor Group's inadequacy (it should not), Mr. Lax is still the "most adequate plaintiff" to serve as lead plaintiff because he is the movant with the largest individual financial interest in the litigation.

<u>*i.    Mr. Langer does not have any recoverable losses.*</u>

The only individual claiming to have a larger financial interest than Mr. Lax is Mr. Langer. Mr. Langer, however, has zero recoverable losses in the litigation. *See* Lax Opp. Brief at pp. 7-9; ECF No. 29-2, *Dura* Calculation Chart. In fact, as previously demonstrated in Mr. Lax's opposition, Mr. Langer has a gain. Recognizing this fatal issue, the Marathon Investor Group now claims in its opposition brief that partial corrective disclosures ***could*** be included in an amended pleading filed at some point in the future that would potentially add to Mr. Langer's recoverable losses. The notion that an amended complaint filed later in the litigation may somehow change Mr. Langer's financial interest in the Action is unsupported by anything in the record. As currently pleaded, there is ***one*** corrective disclosure in the Action: on February 28, 2023, Marathon cancelled its year end conference call and postponed the filing of its annual report due to accounting errors in previously issued financial statements. *See* Complaint, ¶¶39-42. This is the ***only*** corrective disclosure before the Court and controls in terms of calculating "recoverable losses." *See Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 U.S. Dist. LEXIS 46082, at *12 (S.D.N.Y. Apr. 5, 2016) ("recoverable losses" determined by "facts alleged in the complaint"); *Sallustro v. CannaVest*, 93 F. Supp. 3d 265, 275 (S.D.N.Y. 2015) ("*Dura* [and its progeny] . . . require a court to make pre-discovery loss causation determinations . . . that are based on the facts alleged in the complaint"); *Foster v. Maxwell Techs.*, 2013 U.S. Dist. LEXIS 154538, at *14 (S.D. Cal. Oct. 24, 2013) ("Court is limited to considering the allegations in the pending complaints at this stage of the litigation"); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER), 2007 U.S. Dist. LEXIS 14878, at *19 (E.D.N.Y. Mar. 2, 2007) ("In

selecting a plaintiff to lead this litigation at this stage of the proceedings, the court can and must only consider the pleadings before it").

The additional corrective disclosures proposed by the Marathon Investor Group also do not make sense from a factual point of view. The current complaint alleges that the defendants overstated the efficacy of their disclosure controls and, as a result, misstated revenue and cost of revenue. *See* Complaint at ¶38. The "potential corrective disclosures" identified by the Marathon Investor Group are: 1) on June 13, 2022, Marathon's stock price falling after its market capitalization drops below $1 trillion; and 2) on November 8, 2022, Marathon's stock price falling after it reported earnings below consensus estimates. *See* Marathon Investor Group Opp. Brief, pp. 5-6 (ECF No. 30). The Marathon Investor Group does not explain how these disclosures are related to the alleged theory of liability or why they would render losses from Mr. Langer's in/out transactions all of a sudden "recoverable" under the case law. *See Galmi v. Teva Pharms. Indus. Ltd.,* 302 F. Supp. 3d 485, 503 (D. Conn. 2017) (refusing to credit partial disclosures proffered on reply when "the factual allegations are not sufficient for [the Court] to conclude that those statements" revealed the relevant misconduct). Nor does the case cited by the group support their argument. Indeed, in *In re Watchguard Securities Litigation*, each movant retained the bulk of their shares through the end of the class period, meaning that no one was inflating their financial interest in the action by including losses on in/out transactions (*i.e.*, loss from sales occurring prior to the alleged corrective disclosure). *See In re Watchguard Sec. Litig.*, No. C05-678JLR, 2005 U.S. Dist. LEXIS 40923, at *6 (W.D. Wash. July 13, 2005).

Contrary to the Marathon Investor Group's argument, courts routinely reject attempts to inflate losses as improper "gamesmanship." *See City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, No. 20-cv-9132 (AJN), 2021 U.S. Dist. LEXIS 21607, at *16-17 (S.D.N.Y. Feb. 4, 2021) ("Alleging an additional partial disclosure in subsequent briefings in order to increase the amount of recoverable losses for the purposes of the lead plaintiff analysis is the kind of gamesmanship that is inconsistent with the purposes of PSLRA."); *Maliarov* , 2016 U.S. Dist. LEXIS 46082, at *12 ("[A]dditional disclosure allegations in the eleventh hour" is the type of "gamesmanship" that caused the Court to "question whether [the movant] will fairly and

6

adequately protect the interests of the class."); *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 618 (S.D.N.Y. 2015) (Partial corrective disclosure pled for the first time in a "corrected complaint" filed after PSLRA deadline in an attempt to include in-and-out transactions was not considered when calculating recoverable loss). Accordingly, these "potential corrective disclosures" should be ignored, meaning Mr. Langer's recoverable losses are $0. *See* ECF Nos, 29-1, 29-2.

> ii.    <u>*Mr. Lax has a larger financial interest than any of the other individual remaining movants.*</u>

Where, as here, a shareholder group has not demonstrated its adequacy, "losses will not be aggregated for purposes of the lead plaintiff analysis." *Int'l Union of Operating Eng'rs Local No. 478 Pension Fund v. FXCM Inc.*, No. 15-CV-3599 (KMW), 2015 U.S. Dist. LEXIS 153202, at *12 (S.D.N.Y. Nov. 12, 2015); *Crihfield v. CytRx Corp.*, No. CV 16-05519 SJO (Skx), 2016 U.S. Dist. LEXIS 181615, at *11 (C.D. Cal. Oct. 26, 2016) ("'[t]o allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial stakes would allow and encourage lawyers to direct the litigation.'") (*quoting In re Donnkenney Inc. Sec. Litig.,* 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997); *In re Gemstar-Tv Guide Int'l Sec. Litig.*, 209 F.R.D. 447, 451 (C.D. Cal. 2002) (same); *Mannkind Sec. Actions,* No. CV 11-00929 GAF (SSx), 2011 U.S. Dist. LEXIS 164320, at *11-13 (C.D. Cal. Apr. 27, 2011) ("[C]ourts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff.…[A[ggregation should only be allowed if the group meets 'strict criteria,") (internal citation omitted); *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 586 (N.D. Cal. 1999) ("Aggregation solely for the purpose of creating a group that would have the 'largest financial interest in the relief sought by the class' would seem to contravene the PSLRA's purpose of shifting control of the litigation from the lawyers to the investors "). When comparing Mr. Lax's recoverable loss to the other movants, it is undisputed that he lost more than Ms. Barida and Jack's Way, as illustrated below:

JAMES R. LAX'S REPLY TO MOTIONS FOR LEAD PLAINTIFF
NO. 2:23-cv-00470-RFB-DJA

| Movant | Recoverable Loss |
|---|---|
| **James R. Lax** | **$176,433.63** |
| Mary Barida | $172,166.82 |
| Jack's Way, LLC | $125,798.90 |

Thus, Mr. Lax is the movant with the largest financial interest. This is true regardless of whether other movants have more retained shares. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure."); *Bodri v. Gopro, Inc.,* 2016 U.S. Dist. LEXIS 57559, at *11 (N.D. Cal. Apr. 28, 2016) ("[T]he weight of authority puts the most emphasis on the competing movants' estimated losses[.]'"); *Foster,* 2013 U.S. Dist. LEXIS 154538, at *9 ("This Court focuses on the amount of potential recovery in the relief sought by the class."); *Perlmutter v. Intuitive Surgical, Inc.,* Case No.: 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *8-39 (N.D. Cal. Feb. 15, 2011); *see also In re Bally Total Fitness Sec. Litig.*, No. 04 C 3530, 2005 U.S. Dist. LEXIS 6243, at *14 (N.D. Ill. Mar. 15, 2005) ("[T]he best yardstick by which to judge "largest financial interest" is the amount of loss, period."). As the Marathon Investor Group admits, recoverable loss is the most important factor. Marathon Investor Group Opp. Brief at p. 5 (ECF No. 30).

**C. Mr. Lax is Otherwise Typical and Adequate and Competing Movants Have Not Produced Any Proof to the Contrary.**

Mr. Lax is the presumptively most adequate plaintiff as he has the largest *recoverable* financial interest in the litigation, having lost $176,433.63 from trading in Marathon securities during the Class Period as currently pled. The presumption that Mr. Lax is the most adequate plaintiff may be rebutted only upon "proof" that Mr. Lax "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 740-41 (9th Cir. 2002) ("the presumption of most adequate plaintiff may be overcome only upon proof that the presumptively most adequate plaintiff 'will not fairly and adequately protect

8

the interests of the class'"). Speculation and conclusory assertions are insufficient. *See Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1054 (N.D. Cal. 2001) (collecting cases).

Here, no proof has been proffered by the competing movants that Mr. Lax is inadequate or subject to a unique defense. To the contrary, his personal background and other qualifications, including a degree in communications, running a successful real estate, brokerage, and development company, and investing in securities for more than 20 years, virtually ensure his ability to oversee this case as the lead plaintiff. *See* ECF No. 15-6.

## III. CONCLUSION

For the foregoing reasons, Mr. Lax respectfully requests that this Court: (1) appoint him as Lead Plaintiff for the Class in the Action; (2) approve Levi & Korsinsky as Lead Counsel and O'Mara Law as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: June 20, 2023

Respectfully submitted,

**THE O'MARA LAW FIRM, P.C.**

*/s/ David C. O'Mara*
David C. O'Mara
311 East Liberty St.
Reno, Nevada 89501
Tel: 775-323-1321
Fax: 775-323-4082
Email: david@omaralaw.net

*Liaison Counsel for James R. Lax and [Proposed]*
*Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
55 Broadway, 4th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for James R. Lax and [Proposed]*
*Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2023, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

*/s/ David C. O'Mara*
David C. O'Mara